Stewart O. Peay (9584)
Tyson J. Prisbrey (17428)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
Telephone:  801.257.1900
Facsimile:  801.257.1800
Email: speay@swlaw.com
        tprisbrey@swlaw.com

*Attorneys for Defendant Distinctive Design & Construction, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| JIM & TRACY MILLAR, individuals, <br><br>  Plaintiffs, <br><br> vs. <br><br> DISTINCTIVE DESIGN & CONSTRUCTION, LLC, a South Carolina limited liability company, <br><br>  Defendant. | **AMENDED ANSWER AND COUNTERCLAIM** <br><br> Civil No. 2:21-cv-00505 <br><br> Judge: Cecilia M. Romero |

Pursuant to Rules 7, 8, and 15 of the Federal Rules of Civil Procedure, Defendant Distinctive Design & Construction, LLC ("Defendant"), by and through its undersigned counsel, hereby responds to Plaintiffs Jim and Tracy Millar's ("Plaintiffs") Complaint. Answering the individually numbered paragraphs of the Complaint, Defendant responds as follows:

**PARTIES**

1. Defendant lacks sufficient information or knowledge upon which to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

2. Defendant admits the allegation of paragraph 2.

3. Paragraph 3 calls for legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the same.

4. Defendant admits the allegation of paragraph 4.

## JURISDICTION AND VENUE

5. Defendant incorporates the foregoing and subsequent responses by this reference.

6. Paragraph 3 calls for legal conclusion to which a response is not required. To the extent a response is required, Defendant does not dispute that jurisdiction is proper in this Court.

7. Paragraph 4 calls for legal conclusion to which a response is not required. To the extent a response is required, Defendant does not dispute that venue is proper in this Court.

## CAUSE OF ACTION

8. Defendant incorporates the foregoing and subsequent responses by this reference.

9. Defendant admits the allegations of paragraph 9.

10. Defendant admits that it contracted with Kent Construction to provide services pursuant to the terms of Subcontract Agreement and affirmatively states that the terms therein speak for itself. Defendant denies the remaining allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant admits that is submitted the invoice referenced in paragraph 14 and affirmatively states that document speaks for itself.

15. Defendant admits that on or about October 30, 2020 it was paid $120,000 by Kent Construction. Defendants hereby deny the remaining allegations of paragraph 15.

16. Defendant admits that is submitted the invoice referenced in paragraph 16 and affirmatively states that document speaks for itself.

17. Defendant admits that on or about April 30, 2021 it was paid $365,000 by Kent Construction. Defendants hereby deny the remaining allegations of paragraph 17.

18. Defendant admits that Kent Construction has paid it $485,000 but denies the remaining allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant lacks sufficient information or knowledge upon which to admit or deny the allegations contained in paragraph 21 and therefore denies the same.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant lacks sufficient information or knowledge upon which to admit or deny the allegations contained in paragraph 24 and therefore denies the same.

25. Defendant lacks sufficient information or knowledge upon which to admit or deny the allegations contained in paragraph 25 and therefore denies the same.

26. Defendant admits that they have not returned any of the income that they have earned as a result of their contract with Kent Construction.

27. Paragraph 27 calls for legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the same.

28. Paragraph 28 does not contain a factual allegation that requires a response. To the extent a response is required, Defendant denies the allegations of paragraph 28.

## GENERAL DENIAL

Defendant denies all allegations of Plaintiff's Complaint which have not been expressly admitted herein. Defendant further denies that Plaintiff is entitled to judgment, damages, or any other relief as requested in the Request for Relief contained in the Complaint.

## DEFENSES

First Defense

Plaintiff's Amended Complaint fails to state a cause of action upon which relief may be granted.

Second Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of fraud, waiver, estoppel, consent, ratification, release, acquiescence, novation, laches, excuse, mistake, justification, privilege, failure of consideration, res judicata, illegality, and/or *in pari delicto*.

Third Defense

Plaintiff's claims are barred, in whole or in part, due to his failure to take reasonable steps to mitigate his damages, if any.

Fourth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages as a result of any actions taken by Defendant.

Fifth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own conduct, negligence, lack of reasonable care, failure to perform their duty, fault, comparative bad faith, unclean hands, or other fault producing conduct or omission.

Sixth Defense

Plaintiff's damages, if any, were caused by Plaintiff's own actions or the actions of a third party.

Seventh Defense

Plaintiff's claims are barred, in whole or in part, due to impossibility of performance.

Eighth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages resulted from independent, unforeseeable, superseding, or intervening causes, unrelated to Defendant's alleged acts or omissions.

Ninth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were incurred as a result of facts and circumstances wholly unrelated to Defendant's relationship with and/or duties to Plaintiff.

Tenth Defense

In the event a verdict is recovered against Defendant by Plaintiff, Defendant may be entitled to a setoff, or credit, before entry of judgment to the extent Plaintiff has been compensated by any source for which offset should be allowed pursuant to law.

<u>Eleventh Affirmative Defense</u>

Plaintiff's claims are barred by its failure to fulfill its own contractual obligations.

<u>Twelfth Affirmative Defense</u>

Plaintiff's claims may be barred, in whole or in part, by some or all of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure or other matters which may constitute an avoidance or affirmative defense, which matters may become known only after further information is discovered. Defendant specifically reserves the right to plead all matters which may constitute an avoidance or affirmative defense. Defendant specifically reserves the right to plead all affirmative defenses in Rule 8(c) and any other matter constituting an avoidance or affirmative defense which may be disclosed through further discovery.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. Plaintiff takes nothing by this Complaint, and that all claims asserted against Defendant be dismissed with prejudice and on the merits;

2. Judgment be entered against Plaintiff and in favor of Defendant;

3. To the extent permitted by applicable law, Defendant be awarded its costs and expenses herein, including its attorneys' fees incurred in defending against the Complaint; and

4. For such other and further relief as may be just and proper under the circumstances.

## COUNTERCLAIM

As a further defense, and by way of counterclaim, Counterclaim-Plaintiff Distinctive Design & Construction, LLC ("Distinctive"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, alleges and says as follows against Counterclaim-Defendant Jim & Tracy Millar (the "Millars"):

### PARTIES, JURISDICTION AND VENUE

1. At all times relevant herein, Distinctive was and is a resident of the State of South Carolina.

2. Upon information and belief, the Millars are residents of the State of Virginia or the State of Utah.

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction, as the amount in controversy, exclusive of interest and costs, is greater than $75,000, and the parties are citizens of different states.

4. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) and the Court has personal jurisdiction over the Millars because the Millars' conduct and the events giving rise to this action occurred within this District.

### GENERAL ALLEGATIONS

5. Distinctive is a custom cabinetry and millwork contractor.

6. The Millars own a residence at 8001 Bald Eagle Drive, Park City, Utah 84060 (the "Property").

7. Kent Construction is a general contractor that the Millars hired to perform renovations on the Property.

8. On November 11, 2020, Distinctive signed the Subcontractor Agreement (the "Agreement") with Kent Construction.

9. The Agreement provides that Distinctive would provide cabinetry and millwork (the "Work") for the renovation work on the Property (the "Project").

10. After the parties executed the Agreement, the Millars expanded the scope of the work, necessitating additional labor and materials.

11. The total sum for the Agreement was $1,587,566.

12. The Agreement provided that the Work was projected to begin on November 10, 2020, and projected to be completed by September 15, 2021.

13. Beginning in November, 2020 through May, 2021, the framing and other work provided by other contractors on the Project was significantly delayed.

14. In order to fulfill the Agreement and for Distinctive to complete the cabinetry and millwork for the Millars, the architect on the project had to approve of the drawings and Kent Construction had to complete the required framing and other tasks necessary for Distinctive to take accurate measurements and dimensions to order the materials and make the custom cabinetry and millwork, which both parties understood when they executed the Agreement. Thus, Kent Construction was obligated to perform the required framing and other tasks necessary to fulfill the purpose of the Agreement.

15. These delays prevented Distinctive from being able to order the custom cabinetry and other millwork materials needed to perform the Work.

16. In or around May 2021, Kent Construction represented to Distinctive that the framing was completed in some areas of the Project.

17. As such, Bryan Reiss for Distinctive traveled to Park City, Utah from South Carolina to measure and take dimensions needed to order the custom cabinetry and millwork materials. Kent Construction failed to provide the changed framing dimensions.

18. In June 2021, Distinctive was still waiting for the remaining framing dimensions to order the custom cabinetry and millwork materials.

19. During this time, on June 6, 2021, Distinctive's supplier for the custom cabinetry and millwork materials advised Distinctive that the timeframe for delivery was pushed out to February, 2022 due to unprecedented material shortages, demand, and supply chain issues.

20. On the same day, Distinctive notified Kent Construction of the delay from the supplier.

21. Despite the notice of the delay from the supplier, Distinctive continued to work with the supplier to try to get the materials sooner than February, 2022 and continued to inform Kent Construction of the status of the materials.

22. In or around June 18, 2021, Distinctive called a representative for the Millars, who conveyed that the Millars were unhappy with supplier's lead times.

23. Despite the supply concerns that were outside Distinctive's control, on June 29, 2021, a representative for the Millars told Distinctive that the Millars were terminating the Agreement.

24. The next day, on June 30, 2021, Kent Construction notified Distinctive that they intended to terminate the Agreement, saying "I gather that Jim and Tracy have terminated the contract that I have with you."

25. On July 6, 2021, Distinctive sent a letter confirming the termination and conveying information requested by the Millars to wind down the Work.

26. The next day, on July 7, 2021, a representative for the Millars stated that the Millars are considering rethinking the termination, acknowledging the supply delays that were outside Distinctive's control.

27. Distinctive responded that the Agreement had been terminated and will stay terminated.

28. On July 19, 2021, Kent Construction purportedly assigned the Agreement to the Millars.

29. Distinctive had no knowledge of this purported assignment until being served with the Complaint.

30. The Millars filed the Complaint on July 19, 2021.

## FIRST CAUSE OF ACTION
### Breach of Contract

31. Distinctive realleges and incorporates by reference the previous paragraphs as though fully set forth herein.

32. Distinctive entered into the Agreement with Kent Construction.

33. The Agreement is a contract for $1,587,566 and constitutes a valid and binding contract under Utah law.

34. Kent Construction has paid Distinctive only $485,000 and refuses to pay the amount remaining under the Agreement in breach.

35. Kent Construction allegedly assigned the Agreement to the Millars.

36. As a direct and proximate result of Kent Construction's and/or the Millars' breaches of contract, including failing to have the framing and other preparatory work done on time which caused numerous delays and prohibited Distinctive from performing on the Agreement, Distinctive is damaged in the remaining amount under the Agreement for $1,102,566.

37. Distinctive is entitled to judgment against the Millars for the total amount of Distinctive's damages, including Distinctive's incidental and consequential damages, plus pre- and post-judgment interest thereon, together with Distinctive's fees and costs, including attorney's fees and costs, incurred in this lawsuit.

## SECOND CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing

38. Distinctive realleges and incorporates by reference the previous paragraphs as though fully set forth herein.

39. Utah law imposes the covenant of good faith and fair dealing on all contracts.

40. In order to accomplish the objective of the Agreement for both parties and for Distinctive to complete the cabinetry and millwork for the Millars, Kent Construction had to complete the required framing and other tasks necessary for Distinctive to take accurate measurements and dimensions to order the materials and make the custom cabinetry and millwork, which both parties understood when they executed the Agreement. Thus, Kent Construction was impliedly, if not expressly, obligated to act in good faith and fair dealing to perform the required framing and other tasks necessary to fulfill the purpose of the Agreement.

41. Kent Construction failed to perform its implied covenant by not completing the necessary framing and other tasks to enable Distinctive to perform under the Agreement.

42. Due to Kent Construction's failure to work in good faith, Distinctive was unable to order the materials needed in time, which caused further delay.

43. Kent Construction allegedly assigned the Agreement to the Millars.

44. Accordingly, the Millars have breached its duty of good faith and fair dealing and has acted in bad faith.

45. Distinctive has suffered damages as a result of the Millar's breach of its duties to act and perform in good faith and with fair dealing.

46. Distinctive is entitled to judgment against the Millars for the total amount of Distinctive's damages, plus pre- and post-judgment interest thereon, together with Distinctive's fees and costs, including attorney's fees and costs, incurred in this lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Distinctive prays for relief against the Millars as follows:

1. That this Court determine and adjudicate the rights, duties, and obligations of Distinctive and the Millars with respect to the Agreement;

2. That this Court determine that the Millars are required to keep its payment obligations under the Agreement;

3. That this Court determine that the Millars have breached the Agreement;

4. For judgment and execution against any of the Millars for any deficiency that may remain after applying the proceeds, if any, from the sale of the Property to the satisfaction of the judgment;

5. For other costs and fees incurred in collecting this amount via this lawsuit and in post-judgment collections, including post-judgment interest; and

6. For such other and further relief as the Court may deem proper.

DATED this 15th day of February, 2022.

      **SNELL & WILMER L.L.P.**

      /s/ *Tyson J. Prisbrey*
      Stewart O. Peay
      Tyson J. Prisbrey

      *Attorneys for Defendant/Counterclaim-Plaintiff Distinctive Design & Construction, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed and served a true and correct copy of the foregoing **AMENDED ANSWER AND COUNTERCLAIM** upon the following via the Court's ECF system:

Jason H. Robinson
Andrew L. Berne
BABCOCK SCOTT & BABCOCK, P.C.
370 East South Temple, 4th Floor
Salt Lake City, Utah 84111
jason@babcockscott.com
andrew@babcockscott.com

*Attorneys for Plaintiffs*

DATED: August 31, 2021.

/s/ *Tyson J. Prisbrey*